FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 26 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
CEMENT MASONS' LOCAL 780
TRUST FUND, PENSION FUND,
ANNUITY FUND, VACATION FUND,
APPRENTICESHIP FUND,
LABOR MANAGEMENT TRUST FUND,
AND OTHER FUNDS AND ANGELO
SCAGNELLI AS TRUSTEE,

and

ANGELO SCAGNELLI, AS FINANCIAL
SECRETARY OF CEMENT MASONS'
LOCAL 780,
      Plaintiffs,

                11-CV-4161(SJ) (RER)

  v.

                <u>ORDER ADOPTING
INTEGRATED STRUCTURES CORP.     REPORT AND
                RECOMMENDATION</u>

      Defendants.
-------------------------------------------------X

A P P E A R A N C E S

KAMING & KAMING
156 East 65th Street
New York, NY 10021
By: Joseph S. Kaming
*Attorney for Plaintiffs*


JOHNSON, Senior District Judge,

1

Plaintiffs Cement Masons' Local 780 Trust Fund, Pension Fund, Annuity Fund, Vacation Fund, Apprenticeship Fund, Labor Management Fund, and Other Funds (collectively, the "Funds"), and Angelo Scagnelli, as Trustee of the Funds and Financial Secretary of Cement Masons' Local 780 (the "Union"), commenced this action against Integrated Structures Corp. ("Defendant"), pursuant to §§ 502 and 515 the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145, and § 301 of the Labor Management Relations Act of 1947 (the "Taft-Hartley Act"), as amended, 29 U.S.C. § 185 on August 26, 2011.

In light of Defendant's failure to appear in or otherwise defend this suit, Plaintiffs requested a Certificate of Default on November 9, 2011, (Dkt. No. 6), and filed an Affirmation in Support of Default Judgment, (Dkt. No. 9). On November 21, 2011, the Clerk of the Court entered Defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (Dkt. No. 10). Plaintiffs then moved for default judgment, (Dkt. No. 12), and the Court referred that motion to Magistrate Judge Reyes for a Report and Recommendation ("Report") on the issues of liability and damages (Dkt. Entry 12/01/2011). Magistrate Reyes issued the Report on August 24, 2012, wherein he recommended that Plaintiffs be awarded $29,843.67 in damages, attorney's fees, and costs. I further recommend that Plaintiffs' request for permanent injunctive relief and for authorization to audit Defendant's books and records be denied.

P-049

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within fourteen days of service of the Report, any party may file written objections to the Report's findings. See id. Upon de novo review of those portions of the record to which objections are made, the district court judge may affirm or reject the recommendations. See id. The Court is not required to review, under a de novo or any other standard, the factual and legal conclusions of the magistrate as to those portions of the Report to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Any objections to Magistrate Reyes' Report were to be filed with the Clerk of the Court and the Chambers of the Honorable Sterling Johnson, Jr. within fourteen days of receipt. To date, no objections have been filed. Accordingly, the Court adopts and affirms Magistrate Reyes' Report in its entirety.

SO ORDERED.

DATED: September 24, 2012
Brooklyn, New York

/s/(SJ)
_____
Sterling Johnson, Jr, U.S.D.J.